# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

| | |
|---|---|
| Cynthia Munoz, and Ismael Munoz, | |
| Plaintiffs, | Case No. 3:21-cv-50231 |
| v. | Honorable Iain D. Johnston |
| Tony Bradbury, Carissa Morrissey, Doug Quinn, Jacob Maratos, Jennifer Hawley, and Ben Fritz, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Cynthia and Ismael Munoz brought this action under 42 U.S.C. § 1983 for purported violations of their constitutional rights under the Fourth and Fourteenth Amendments. Plaintiffs sued City of Freeport employees Tony Bradbury, Doug Quinn, Jacob Maratos, and Ben Fritz as defendants. Plaintiffs also sued Illinois Department of Children and Family Services employees Carissa Morrissey and Jennifer Hawley. The City of Freeport defendants answered Plaintiffs' complaint. Morrissey and Hawley move the Court to dismiss Plaintiffs' claims against them. For the reasons set forth below, that motion [24] is granted in part, without prejudice, and denied in part.

## I.    Background

The following factual allegations are taken from Plaintiffs' complaint. Dkt. 1. At this stage, the Court must accept these allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On June 11, 2020, a crime was committed at Plaintiffs' home

1

in Freeport, Illinois. The complaint does not explain the nature of this crime or who committed it. Nevertheless, the crime resulted in law enforcement obtaining a warrant to search the home. In the intervening time between the commission of the crime and issuance of the search warrant, Plaintiffs were instructed to leave the home. The home was a crime scene. The next day, Detective Tony Bradbury attempted to contact Plaintiffs because he wanted to speak with their children, who were present when the crime occurred. He tried again three days later, on June 15, 2020.

After "the children were made unavailable," Officer Jacob Maratos called the Department of Children and Family Services (DCFS) hotline, which prompted an investigation. Dkt. 1, at 7, ¶ 8. Plaintiffs allege that Maratos gave DCFS false and misleading information, but they do not explain what that information was. That same day, Carissa Morrissey, on orders from Jennifer Hawley, visited Plaintiffs' home. Stating unlivable conditions, she told Plaintiffs to bring the children outside and that they would be going to the DCFS office unless Plaintiffs had somewhere else for them to go. Plaintiffs asked Morrissey to inspect the home for herself, but she refused. Plaintiffs' seven children were then placed in temporary foster care.

Morrissey explained that the Freeport police officers told her that the home had been condemned. Plaintiffs protested that their home had never been condemned. So, Plaintiffs and Morrissey agreed that Morrissey would set up an inspection of the home to be performed by Ben Fritz, the city inspector. Morrissey apparently knew him and could get the inspection done right away. Two days later,

on June 17, 2020, Morrissey and Fritz appeared to perform the inspection, along with Doug Quinn and Freeport police officers. They also carried boards in Fritz's truck to board up the home if necessary. The inspection lasted a little over five minutes. After the inspection, Ben Fritz condemned the home.

## II. Analysis

Morrissey and Hawley move the Court to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack or subject-matter jurisdiction and under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

### A. Eleventh Amendment

Morrissey and Hawley argue that Plaintiffs' claims against them are barred by the Eleventh Amendment because Plaintiffs essentially seek monetary relief against the State of Illinois. Dkt. 25, at 14. Plaintiffs respond by citing *Chisholm v. Georgia*, 2 U.S. 419 (1793) for the proposition that such immunity does not exist. But the Eleventh Amendment was passed specifically to overturn the *Chisholm v. Georgia*. *Franchise Tax Bd. v. Hyatt*, 139 S. Ct. 1485, 1496 (2019) ("Congress and the States accordingly acted swiftly to remedy the Court's blunder by drafting and ratifying the Eleventh Amendment."). Thus, "the Constitution bars suits against nonconsenting States in a wide range of cases." *Id.*

When a plaintiff brings a suit against the State or its employees, "courts should look to whether the sovereign is the real party in interest to determine whether sovereign immunity bars the suit." *Lewis v. Clarke*, 137 S. Ct. 1285, 1291 (2017). Under the Eleventh Amendment, Plaintiffs would be barred from seeking

monetary relief against DCFS or its employees in their official capacities. *Darryl H. v. Coler*, 801 F.2d 893, 906–07 (7th Cir. 1986). In *Darryl H.*, the Seventh Circuit dismissed the suit against the DCFS employees in their official capacities for lack of jurisdiction because the Eleventh Amendment barred the claims. *Id.* at 907. The individual capacity claims, however, did not meet the same fate because in an official capacity suit, the plaintiff only nominally sues the named individual. *Id.* It is, instead, effectively a suit against the sovereign. *Lewis*, 137 S. Ct. at 1292 (quoting *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)). Suits against defendants in their individual capacities, however, seek to hold those defendants liable for the personal actions done under color of state authority. *Id.*

In this case, Plaintiffs sued Morrissey and Hawley in their individual capacities for their purported failure to conduct a reasonable investigation before removing Plaintiffs' seven children from the home. Thus, the Eleventh Amendment does not bar Plaintiffs' claims.

### B. Issue preclusion and the *Rooker-Feldman* doctrine

Morrissey and Hawley next contend that Plaintiffs' claims are barred by issue preclusion and the *Rooker-Feldman* doctrine. *Rooker-Feldman* doctrine bars federal courts from exercising jurisdiction over cases brought by state court losers to challenge a state court judgment. *Mains v. Citibank, N.A.*, 852 F.3d 669, 675 (7th Cir. 2017). State court losers can't essentially "appeal" the state court's decision through a separate federal action; instead, they must appeal through the state court system and then on certiorari to the United States Supreme Court directly. *Exxon*

4

*Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005) (explaining that only the Supreme Court has federal appellate jurisdiction over state court judgments). But the mere existence of state proceedings does not invoke *Rooker-Feldman*, even if those proceedings call into question abstention doctrines or issue preclusion. *Id.* at 292.

This case does not invoke *Rooker-Feldman*. Plaintiffs here have not filed suit in federal court to undo a state court judgment. Rather, they seek monetary damages for what they believe was an insufficient investigation in violation of their due process rights under the Fourteenth Amendment. Although they have explained the existence of a state child custody matter, Morrissey and Hawley have not explained how Plaintiffs' suit is an attack on the state court judgment itself. Thus, they have failed to meet their burden on this issue.

Morrissey and Hawley also fail to explain why Plaintiffs are precluded from litigating this issue. Issues litigated in state court are subjected to preclusion in federal court once the state litigation is final. *See In Re Emerald Casino, Inc.*, 867 F.3d 743, 759 (7th Cir. 2017). "Under Illinois law, issue preclusion applies if (1) the issue decided in the prior case is identical to the issue in the current case, (2) there was a final judgment on the merits in the prior case, and (3) the party against whom issue preclusion is asserted was a party or in privity with a party to the prior case." *Id.* In this case, Morrissey and Hawley contend that this civil rights action seeks to relitigate an issue that has already been decided in the state juvenile court. Dkt. 25, at 7–8. "Plaintiffs, via counsel and with no objection, stipulated to the

Petition, which stated that the children were in a DCFS safety plan and that their home was condemned by the City of Freeport." *Id.* at 8. Morrissey's and Hawley's argument fails at the first step. They have not even attempted to argue that the constitutional due process issue—the failure to reasonably investigate—was litigated in the state juvenile court. Plaintiffs seek money damages for Morrissey and Hawley's actions on June 15 and 17, 2020 that allegedly deprived them of due process. Without any indication whether that issue was litigated in a final state proceeding, this Court cannot grant the motion on preclusion grounds.

### C. Personal involvement in the alleged due process violation

To state a due process violation under 42 U.S.C. § 1983, plaintiffs must allege (1) a cognizable liberty interest under the Fourteenth Amendment, (2) that the defendant caused a deprivation of that interest, and (3) that the deprivation was without due process. *Mann v. Vogel*, 707 F.3d 872, 877–78 (7th Cir. 2013). In this case, Plaintiffs assert that Morrissey and Hawley deprived them of their substantive right to familial association without due process. Hawley and Morrissey do not contest that such a substantive right exists, nor could they. *Troxel v. Granville*, 530 U.S. 57, 65 (2000) ("The liberty interest at issue in this case—the interest of parents in the care, custody, and control of their children—is perhaps the oldest of the fundamental liberty interests recognized by this Court."). Likewise, Morrissey and Hawley do not contend that Plaintiffs have failed to allege a deprivation of that interest. Indeed, Plaintiffs have alleged that their seven children were removed from their home. Rather, the pending motion to dismiss focuses on

6

whether Plaintiffs have sufficiently alleged that Morrissey and Hawley caused the deprivation to occur without due process.

Morrissey and Hawley contend that Plaintiffs individual capacity claims should be dismissed for lack of personal involvement in the purported constitutional injury. When bringing a suit under section 1983 against government officials, plaintiffs may not rely on theories of *respondeat superior*. *Flores v. City of S. Bend*, 997 F.3d 725, 731 (7th Cir. 2021). Instead, plaintiffs must allege how each defendant was personally involved in the claimed constitutional injury. *Taylor v. Ways*, 999 F.3d 478, 493–94 (7th Cir. 2021). Thus, when suing a supervisor for a subordinate's constitutional violation, plaintiffs must allege that the supervisor knew about the subordinate's conduct and either (1) facilitated it, (2) approved it, (3) condoned it, or (4) turned "a blind eye for fear of what they might see." *Id.* (quoting *Matthews v. City of E. St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012)).

First, Plaintiffs' allegations regarding Jennifer Hawley are not sufficient to plead any personal involvement. On the contrary, Plaintiffs' complaint merely alleges that Hawley was Morrissey's supervisor. They have included no allegations sufficient to explain how Hawley was personally involved in her subordinate's conduct. Thus, the Court must grant Hawley's motion to dismiss without prejudice for failure to state a claim against her.

Next, Plaintiffs allege that when Morrissey came to their home, they asked her to come inside and see the home for herself because Morrissey had cited unlivable conditions as the reason for the removal. They allege that she refused to

perform the inspection, demanded the children come outside, and told Plaintiffs that the children would be placed in a temporary home unless Plaintiffs had somewhere else for the children to go. Plaintiffs also allege that Morrissey was present for the follow-up inspection wherein Ben Fritz condemned the home. But they do not allege any involvement by Morrissey in the decision to condemn the home. Thus, Plaintiffs' allegations of Morrissey's personal involvement are limited to her alleged failure to conduct a reasonable investigation before removing the children from Plaintiffs' home. Plaintiffs believe this failure constitutes a violation of their due process rights under the Fourteenth Amendment.

Morrissey contends these allegations are not enough to plead that she was personally involved in removing the children from the home because Plaintiffs entered into a voluntary safety plan and the state juvenile court declared wardship over the children, not Morrissey. But a motion to dismiss tests only the sufficiency of the complaint, not the merits of the ultimate question. *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). And the existence and nature of a voluntary safety plan lies outside the bounds of the complaint. *Cole v. Milwaukee Area Tech. College Dist.*, 634 F.3d 901, 903 (7th Cir. 2011) ("The consideration of a Rule 12(b)(6) motion is restricted to the pleadings, which consist here of the complaint, any exhibits attached thereto, and the supporting briefs.").

Furthermore, the argument misses the point. Plaintiffs do not challenge the safety plan; they challenge the sufficiency of the investigation leading up to the safety plan. *Hayes v. Narang*, No. 19-cv-03596, 2020 U.S. Dist. LEXIS 148748, at

*11–12 (N.D. Ill. Aug. 18, 2020) (similarly noting that plaintiffs in that case challenged whether defendants had "definite and articulable evidence" of abuse based on an adequate investigation of the circumstances). And Morrissey has not challenged the sufficiency of Plaintiffs allegation that she failed to perform an investigation of Plaintiffs home before removing the children. And regardless, Plaintiffs' allegation that Morrissey failed to perform a reasonable investigation before removing the children states a claim under the Due Process Clause of the Fourteenth Amendment. *Hayes*, 2020 U.S. Dist. LEXIS 148748, at *13 (denying the motion to dismiss because the plaintiffs had plausibly alleged a merely cursory investigation).

### D. Qualified immunity

Morrissey further moves for dismissal on the grounds that she is qualifiedly immune from suit. Qualified immunity is designed to protect government officials from monetary liability unless their conduct violated a plaintiff's "clearly established statutory or constitutional rights of which a reasonable person would have been aware." *Hernandez v. Foster*, 657 F.3d 463, 473 (7th Cir. 2011). This presents a two-part inquiry: (1) whether the official violated a statutory or constitutional right, and (2) whether that right was clearly established at the time the official's conduct occurred. *Reed v. Palmer*, 906 F.3d 540 546 (7th Cir. 2018). When presented with a qualified immunity defense, the plaintiff bears the burden of proving that the right was clearly established at the time that the defendant's conduct occurred. *Hernandez*, 657 F.3d at 473.

Dismissal at the pleading stage based on qualified immunity is often inappropriate because the factual record has yet to be developed. *Reed*, 906 F.3d at 548. If the allegations in the complaint show that the defendant is entitled to qualified immunity, however, the court should grant the motion because the Supreme Court has repeatedly "stressed the importance of resolving immunity questions at the earliest stage possible in litigation." *Doe v. Arlington Heights*, 782 F.3d 911, 915–16 (7th Cir. 2015). Although Plaintiffs have alleged a plausible claim against Morrissey, the factual allegations do not paint a sufficient picture to allow the Court to reasonably address the qualified immunity question without the aid of fact discovery. Furthermore, Morrissey's argument in favor of qualified immunity is not well developed. It merely recites her belief that Plaintiffs failed to state a claim and then repeats the contention that DCFS employees are statutorily required to investigate allegations of child abuse. But Plaintiffs do not challenge Morrissey's need to investigate child abuse allegations. Rather, Plaintiffs challenge the sufficiency of that investigation.

Thus, because the Court cannot now engage the qualified immunity question, and because Morrissey has failed to adequately argue in favor of qualified immunity, the Court denies her motion to dismiss.

## III.    Conclusion

Therefore, the Court denies the motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). Furthermore, the Court grants in part and denies in part the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Defendant

Jennifer Hawley is dismissed without prejudice because Plaintiffs have not sufficiently pleaded her personal involvement in the alleged constitutional injury. Plaintiffs are given leave to file an amended complaint to state a claim against Hawley. The amended complaint must be filed by June 15, 2022. If no amended complaint is filed by that date, the dismissal will convert into a dismissal with prejudice. Plaintiffs have sufficiently pleaded Morrissey's involvement in the alleged due process violation, however, so her motion to dismiss is denied. Morrissey must answer the complaint by June 1, 2022. The parties should actively engage in discovery.

Date: May 6, 2022

Honorable Iain D. Johnston
United States District Judge